# Exhibit C

Filed 5/3/2017 6:32:00 PM
Brenda Rowe, District Clerk
Wise County, Texas
By: Hannah Avants

CAUSE NO. CV17-05-379

| | | |
|---|---|---|
| **JOSE RIVAS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **WISE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY AND THERESA CYR,** | § | |
| *Defendant.* | § | **271ST   JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jose Rivas ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Theresa Cyr ("Cyr") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.     Plaintiff Jose Rivas is an individual residing in Wise County, Texas.

3.      Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendant Theresa Cyr is an individual residing in and domiciled in the State of Alabama. This defendant may be served with personal process by a process server at her place of residence at 502 West Jackson Street, Summerdale, Alabama 36580.

## JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $100,000 but not more than $200,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant Allstate because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Cyr because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Wise County, Texas, because the insured property is situated in Wise County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

Page 2

## FACTS

9.    Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

10.   Plaintiff owns the insured property, which is specifically located at 208 Clayt Drive, Aurora, Texas 76078, in Wise County (hereinafter referred to as "the Property").

11.   Allstate sold the Policy insuring the Property to Plaintiff.

12.   On or about March 23, 2016, a hail storm and/or windstorm struck Wise County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence.   Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring.   Plaintiff's home also sustained substantial structural and exterior damage during the storm.   Furthermore, Plaintiff sustained significant damage to his storage unit. After the storm, Plaintiff filed a claim with his insurance company, Allstate, for the damages to his home caused by the hail storm and/or windstorm.

13.   Plaintiff submitted a claim to Allstate against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

14.   Plaintiff asked that Allstate cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

15.     Without requiring that Plaintiff submit his claim in writing, as specified in the Policy, Defendant Allstate assigned Defendant Cyr as the individual adjuster on the claim, and initiated an investigation of the claim.

16.     Defendant Allstate did not properly train the adjusters that it assigned to Plaintiff's claim, and both Allstate and the adjusters that it assigned to the claim failed to perform a reasonable investigation of Plaintiff's claim.  More specifically, but without limitation, Cyr conducted a substandard inspection of Plaintiff's home during which she spent an insufficient amount of time inspecting the entire Property to scope damages and failed to thoroughly inspect all of the damages to both the interior and exterior of the Property. Furthermore, Cyr failed to conduct a thorough inspection to the interior of the home thereby denying many of the properly covered Storm damages to the home.  Defendant Cyr's inadequate inspection is further evidenced by Cyr's July 16, 2016, report, which failed to provide a fair and accurate assessment of Plaintiff's damages actually included in his inspection.  Specifically, the damages that Cyr did include in his report were grossly undervalued, and Defendant Cyr failed to allow adequate funds for repair and/or replacement of the storage unit roof, interior, and exterior items.  Further, Cyr failed to acknowledge the extensive and obvious Storm damages to Plaintiff's roof and storage unit on the Property.

17.     Following the inadequate inspection, Cyr corresponded with Plaintiff by letter dated July 19, 2016.  This letter failed to provide Plaintiff a reasonable explanation of the bases in the Policy for their denial of payment for many of Plaintiff's Storm damages.  Although Cyr was aware of Plaintiff's reported potential damages covered by the Policy, she made determinations as to the amount of Plaintiff's claim without conducting thorough and

reasonable inspection of Plaintiff's damages. Ultimately, Defendant Cyr determined that the damages were either not covered under the Policy and/or valued the damages below the applicable policy deductible, thus no payment would be made on the claim.

18. Defendant Allstate, along with other Allstate employees, failed to thoroughly review and properly oversee the work of Defendant Cyr, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. Further, Defendants misrepresented that Plaintiff's damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Cyr denied Plaintiff's claim without performing a reasonable investigation. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was considerably underpaid on his claim and has suffered damages.

19. Defendant Allstate failed to adequately train and supervise Defendant Cyr resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, Defendant Allstate and its personnel, failed to properly and reasonably review and oversee the work of these assigned claims representatives and adjusters, including Defendant Cyr. Allstate ultimately approved and ratified the unreasonable and improper adjustment, and the inadequate and unfair settlement, of Plaintiffs' claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

20. In undertaking the investigation of Plaintiffs' claim as alleged herein by Plaintiffs, Defendant Allstate assumed the duties under the Texas Insurance Code, including but not limited to, the duties to: (a) reasonably investigate Plaintiffs' claim; (b) determine through such reasonable investigation whether liability under the policy was reasonably

clear; and, (c) attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. *See* TEX. INS. CODE §541.060(a)(1), (a)(2)(A) and (a)(3).

21.     Together, Defendants Allstate and Cyr set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiff's storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiff's claim was improperly adjusted, and he was denied adequate and sufficient payment to repair his home. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair his home, which has resulted in additional damages. To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

22.     As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Allstate underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

23.     To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

24.     Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

25.     Defendants Allstate and Cyr misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants Allstate's and Cyr's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

26.     Defendants Allstate and Cyr failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Allstate's and Cyr's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

27.     Defendants Allstate and Cyr failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Allstate and Cyr failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate and Cyr did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants Allstate's and Cyr's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

28.     Defendants Allstate and Cyr failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and Cyr.   Defendants Allstate's and Cyr's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

29.     Defendants Allstate and Cyr refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Allstate and Cyr failed to conduct a reasonable

investigation. Specifically, Defendants Allstate and Cyr performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Allstate's and Cyr's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

30.   Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

31.   Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

32.   Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

33.   From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34. Defendants Allstate and Cyr knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

35. As a result of Defendants Allstate's and Cyr's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

36. Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST CYR

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. In undertaking the investigation of Plaintiff's claim as alleged herein by Plaintiff, Defendant Allstate assumed the duties under the Texas Insurance Code, including but not limited to, the duties to: (a) reasonably investigate Plaintiffs' claim; (b) determine through such reasonable investigation whether liability under the policy was reasonably clear; and, (c) attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. See Tex. Ins. Code §541.060(a)(1), (a)(2)(A) and (a)(3).

38.     In this connection, the Policy requires an investigation of a claim when the insured
        provides written notice of the claim.  Defendant Allstate never provided notice to the
        Plaintiff whether it (a) waived written notice of claim and proceeded with an
        investigation under the Policy, (b) assumed the duties to conduct an investigation of the
        claim outside of the Policy but under the applicable provisions of Chapter 541 and 542 of
        the Texas Insurance Code; or, (c) both.  This silence by Defendant Allstate as to its
        intentions on how it would conduct its investigation of Plaintiff's claim was intentional,
        yet prohibited by the Chapters 541 and 542 of the Texas Insurance Code.  More
        specifically, but without limitation, Defendant Allstate was required to notify the Plaintiff
        in writing that it was reserving any right it claimed under the Policy or the law in
        conducting the investigation of the Plaintiff's claim pursuant to the Policy terms, the
        Insurance Code or both.  *See* TEX. INS. CODE §541.060(a)(4).

39.     In this connection, Plaintiff specifically alleges that Defendant Allstate affirmatively
        undertook its investigation of Plaintiff's claim as being governed at all material times by
        Chapters 541 and 542 of the Texas Insurance Code such that the failure by Defendants to
        conduct the investigation in accordance with Chapters 541 and 542 of the Texas
        Insurance Code resulting in damages covered under the Policy, but not yet paid by
        Defendant Allstate is not predicated on any breach of the Policy by Defendants.

40.     Defendant Allstate violated Chapters 541 and 542 of the Texas Insurance Code in one or
        more of the following ways:

        a) It did not properly train the adjusters that it assigned to Plaintiff's claim, and both
           Allstate and the adjusters that it assigned to the claim failed to perform a reasonable
           investigation of Plaintiffs' claim.  During their investigation, the adjusters failed to

properly assess Plaintiffs' hail storm and/or windstorm damages. The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages. In addition, the damages that the adjusters did include in the estimate were severely underestimated.

b)  Defendant Cyr's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

c)  Defendant Cyr are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Allstate, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

d)  Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in

fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.   Defendant Cyr unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

e)  Defendant Cyr unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

f)  Defendant Cyr failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.    Specifically, Defendant Cyr failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendant Cyr as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and

deceptive act or practice in the business of insurance.   TEX. INS. CODE
§541.060(a)(3).

g)   Defendant Cyr's unfair settlement practice, as described above, of failing within a
reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a
reservation of rights to Plaintiff, constitutes an unfair method of competition and an
unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE
§541.060(a)(4).

41.   Defendant Cyr did not properly inspect the Property and failed to account for and/or
undervalued many of Plaintiff's exterior and interior damages, although reported by
Plaintiff to Allstate Defendant Cyr unfair settlement practice, as described above, of
refusing to pay Plaintiff's claim without conducting a reasonable investigation,
constitutes an unfair method of competition and an unfair and deceptive act or practice in
the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

42.   Plaintiff is not making any claims for relief under federal law.

### FRAUD

43.   Defendants Allstate and Cyr are liable to Plaintiff for common law fraud.

44.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants Allstate and Cyr knew were false or made recklessly without any knowledge of their truth as a positive assertion.

45.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

46.   Defendants Allstate and Cyr are liable to Plaintiff for conspiracy to commit fraud. Defendants Allstate and Cyr were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Allstate and Cyr committed an unlawful, overt act to further the object or course of action.   Plaintiff suffered injury as a proximate result.

## WAIVER

47.     While denying that any provision of the policy at issue or any statute, code provision (including the Prompt Payment of Claims Act), or law required Plaintiffs to provide written notice of claim as a condition or requirement to recover damages, penalties, interest or attorneys' fees pursuant to contract or any Texas law (including the Prompt Payment of Claims Act), Plaintiff hereby asserts (separately or in the alternative to the foregoing) that Defendants have waived, or otherwise intentionally relinquished, any right to any written notice of claim from Plaintiff under the policy at issue or under any applicable law (including but not limited to any provision of the Prompt Payment of Claims Act).  Additionally (and, again, separately or in the alternative), Defendants have waived, or otherwise intentionally relinquished, any right to assert that Plaintiff is barred from recovering damages, penalties, interest or attorneys' fees pursuant to contract, applicable law and otherwise, for lack of written notice under the policy or under any Texas law (including but limited to any provision under the Prompt Payment of Claims Act).

### CAUSES OF ACTION AGAINST ALLSTATE ONLY

48.     Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

49.     Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

50.     Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under

the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

51.  Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.  Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53.  Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

54.  Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

55.  Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

56.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

57.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

58.     Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

59.     Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

60.     Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

61. As referenced and described above, and further conduct throughout this litigation and lawsuit, Cyr is an agent of Allstate based on her acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

62. Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Cyr including the completion of her duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

63. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

64. Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

65. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

66. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

67.     As previously mentioned, the damages caused by the March 23, 2016, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants Allstate's and Cyr's mishandling of Plaintiff's claim in violation of the laws set forth above.

68.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

69.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

70.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

71.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

73.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

74.   Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Wise County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

75.   *Plaintiff's Request for Disclosure to Defendant Allstate Vehicle and Property Insurance Company* is attached as "Exhibit A." *Plaintiff's Request for Disclosure to Defendant Theresa Cyr* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**MOSTYN LAW**


  */s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Filed 5/3/2017 6:32:00 PM
Brenda Rowe, District Clerk
Wise County, Texas
By: Hannah Avants



**"EXHIBIT A"**

CAUSE NO. CV17-05-379

| | | |
|---|---|---|
| **JOSE RIVAS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **WISE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY AND THERESA CYR,** | § | |
| *Defendant.* | § | 271ST **JUDICIAL DISTRICT** |

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

TO:  DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,
by and through its Registered Agent: C T Corporation System, 1999 Bryan Street, Suite
900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the
above-named Defendant, Allstate Vehicle and Property Insurance Company (hereinafter referred
to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request,
the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

Filed 5/3/2017 6:32:00 PM
Brenda Rowe, District Clerk
Wise County, Texas
By: Hannah Avants

**"EXHIBIT A-1"**

CAUSE NO. CV17-05-379

| | | |
|---|---|---|
| **JOSE RIVAS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **WISE COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY AND THERESA CYR,** | § | |
| *Defendant.* | § | **271ST** ___ **JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT THERESA CYR

TO:   DEFENDANT THERESA CYR, at 502 West Jackson Street, Summerdale, Alabama 36580.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Theresa Cyr (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**